```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


JOHN OTIS BURNSIDE,                  :
                                     :
         Plaintiff,                  :    No. 4:CV-05-1845
                                     :
    vs.                              :    Complaint Filed 09/13/05
                                     :
M. WARNICK, P.A.,                    :    (Judge Muir)
O. OKUNDAYE, M.D.,                   :
E. ROCES, P.A., and the              :    (Magistrate Judge Blewitt)
MEDICAL STAFF UTILIZATION            :
REVIEW COMMITTEE,                    :
                                     :
         Defendants                  :
```

**ORDER**

November 16, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On September 13, 2005, Plaintiff John Otis Burnside, an inmate at the Federal Correctional Institution at Allenwood, in White Deer, Pennsylvania, initiated this action by filing a civil rights complaint pursuant to the holding of the United States Supreme Court in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

According to the complaint, on September 1, 2004, Burnside fell from the top bunk in his cell and broke his left hand. Immediately after the incident his hand became swollen. The

---

[1] Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

individual Defendants are identified as Physician's Assistant M. Warnick, Physician's Assistant E. Roces, and Dr. O. Okundaye. Each of them allegedly participated to some extent in providing Burnside's treatment.  The only other named Defendant is the Medical Staff Utilization Review Committee.  Burnside is proceeding *pro se* and *in forma pauperis*.

The Clerk of Court assigned this case to us and referred it to Magistrate Judge Thomas M. Blewitt for preliminary consideration.  The Magistrate Judge preliminarily screened the complaint pursuant to 28 U.S.C. § 1915A.

On October 11, 2005, Magistrate Judge Blewitt issued a 17-page report recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted.  With respect to Defendants Warnick, O. Okundaye, and Roces, the Magistrate Judge concluded that even if all of the allegations in the complaint are accepted as true Burnside is not entitled to any relief because the alleged conduct of those Defendants fails to establish deliberate indifference to any serious medical need.  The Magistrate Judge determined that the Medical Staff Utilization Review Committee is not a proper party.

On October 19, 2005, Burnside timely filed objections to Magistrate Judge Blewitt's Report and Recommendation.  A supporting brief was filed with the objections.  Although the Magistrate Judge issued the Report and Recommendation without

requiring service of the complaint upon any Defendant, Burnside's objections indicate that he may have served one or more of the Defendants with copies of his objections.[2]  Out of an abundance of caution we withheld ruling on Burnside's objections until the time allowed for an opposition brief expired, which was November 7, 2005.  To this date no such brief has been filed and Burnside's objections are ripe for disposition.

Title 28 U.S.C. § 1915A, entitled "Screening," provides in part that "[t]he court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Subsection (b) of that statute, entitled "Grounds for dismissal," states in relevant part that

> [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted.

28 U.S.C. § 1915A(b)(1).

Magistrate Judge Blewitt recommends that Burnside's complaint be dismissed pursuant to that statute because the complaint fails to state any claim upon which relief may be granted.  That recommendation requires us to consider whether the complaint states a claim upon which relief may be granted.

---

[2] For instance, there is an ambiguous "Certificate of Service" attached to Burnside's brief in support of his objections.

Under the circumstances, we will accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Colburn v. Upper Darby Township, 835 F.2d 663, 665-66 (3d Cir. 1988).  We recognize that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 44-46 (1957).

All of Burnside's claims are based on his allegations that the Defendants violated his Eighth Amendment rights when they were deliberately indifferent to the medical needs stemming from his hand injury.  According to the complaint, the day after his fall Burnside received medical treatment for all of the injuries suffered in that incident.  After subsequently complaining about his hand, on October 19, 2004, his hand was x-rayed.  Burnside admits that "when the X-rays of the [his] Left-Hand finally did come back, they showed no fracture or abnormality." (Complaint, pp. 2-2A)  Nonetheless, he contends that the named Defendants

> are all liable to the Plaintiff, [sic] for not even allowing an Orthopedic Specialist to look at the Plaintiff's Left-Hand, as well as refusing to order a "<u>Motion M.R.I. - Dynamic Kinematic M.R.I. Imaging Exam</u>, so that Plaintiff can be diagnosed properly, and finally, for not ordering Corrective Orthopedic Surgery, after the Plaintiff is diagnosed properly by an Orthopedic Specialist ....

(Complaint, pp. 2A-2B)(Emphasis in original)

4

In order to state an Eighth Amendment claim based on medical treatment, a plaintiff is required to allege that a defendant "acted or failed to act despite knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 842, 114 S. Ct. 1970 (1994). The Court of Appeals for the Third Circuit has held that

> [i]n order to establish a violation of [a prisoner's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.

Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The United States Supreme Court has held that neither "an inadvertent failure to provide adequate medical care" nor "negligen[ce] in diagnosing or treating a medical condition" satisfies the deliberate indifference standard. Estelle v. Gamble, 429 U.S. 97, 105-106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)(holding that plaintiff's allegation that prison doctors should have performed certain diagnostic tests instead of tests actually performed did not state claim under § 1983).

In this case the allegations in Burnside's complaint indicate that 1) Dr. Okundaye has treated Burnside's hand injury, and 2) the x-ray administered by the Defendants fails to reveal any "fracture or abnormality." (Complaint, p. 2A) Burnside's claim is based strictly on his contention that the constitution requires the Defendants to provide further treatment in the form

5

of either an M.R.I. or a consult with an orthopedic surgeon for corrective surgery.

We agree with Magistrate Judge Blewitt's determination that Burnside fails to state any Eighth Amendment claim against the individual Defendants because Burnside's claims are based merely on his disagreement with their course of treatment. *See* Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *see also* Young v. Quinlan, 960 F .2d 351, 358 n. 18 (3d Cir.1992)(inmate's disagreement with prison personnel over medical judgment does not state a claim for relief under *Bivens*); Monmouth County Correctional Institute Inmates, 834 F.2d at 346 (mere disagreement about proper medical treatment does not support an Eighth Amendment claim).  In the face of an x-ray showing no fracture or abnormality, the Defendants' refusal to proceed with an M.R.I. or a referral to an orthopedic surgeon does not constitute deliberate indifference.

Burnside's objections to the Report and Recommendation do not directly challenge any of the Magistrate Judge's findings or conclusions.  In his objections Burnside simply provides the court with a copy of a medical record dated September 1, 2005, which was previously unavailable to him.  We make two observations concerning those document.  First, as a threshold matter, we question its relevance at this point because only the

allegations in the complaint may be considered at this time. Second, even if we were to consider the new document, it does not cast the allegations in the complaint in a different light. Nothing in those documents indicates that any individual Defendant was deliberately indifferent to Burnside's medical needs. In fact the document further undermines Burnside's claims because in it the examining physician notes that Burnside possesses "full ROM of fingers," which we interpret to mean full range of motion. (Brief in Support of Objections, Exhibit #2)

    The only other recommendation to consider is that pertaining to the fourth Defendant, the Medical Staff Utilization Review Committee. Numerous reported decisions support the Magistrate Judge's conclusion that an entity such as the Medical Staff Utilization Review Committee, in its capacity as a governmental entity, is not a proper defendant in an action brought pursuant to <u>Bivens</u>. *See* Umezurike v. Bureau of Prisons, 2005 WL 2100700, *2 (M.D. Pa. August 26, 2005)(Jones, J.)(citing Hindes v. F.D.J.C., 137 F.3d 148, 159 (3d Cir.1998); Figueroa-Garay v. Municipality of Rio Grande, 364 F.Supp.2d 117, 128 (D.P.R. 2005); Shannon v. U.S. Parole Commission, 1998 WL 557584 *3 (S.D.N.Y. Sept. 2, 1998)(court stated that *"Bivens* claims may not be maintained against federal agencies."); Duarte v. Bureau of Prisons, 1995 WL 708427 *2 (D. An. Nov. 3, 1995)(the BOP "is not a proper defendant in a *Bivens* action."))

We will overrule Burnside's objections and adopt Magistrate Judge Blewitt's Report and Recommendation in its entirety.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Burnside's objections (Document 13) to Magistrate Judge Blewitt's Report and Recommendation are overruled.

2. The Magistrate Judge's recommendations are adopted *in toto*.

3. Burnside's complaint (Document 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

4. The Clerk of Court shall close this case.

5. Any appeal of this order shall be deemed frivolous, without probable cause, and not taken in good faith.

s/Malcolm Muir  
MUIR, U. S. District Judge

MM:ga